**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

----------------------------------------------------------------------------x

John Haensgen,

      Plaintiff,

          -against-

Trans Union, LLC,
Equifax Information Services, LLC,
LendingClub Corporation,

      Defendant(s).

----------------------------------------------------------------------------x

**Case No.:** _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff John Haensgen ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Trans Union, LLC ("Trans Union"), Defendant Equifax Information Services, LLC ("Equifax"), and Defendant LendingClub Corporation ("LendingClub") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Wisconsin in the County of Rock.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is a Delaware limited liability company registered to do business in the State of Wisconsin and may be served with process upon Corporation Service Company, its registered agent for service of process at 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

7. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia limited liability company registered to do business in the State of Wisconsin and may be served with process upon Corporation Service Company, its registered agent for service of process at 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. LendingClub is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and can be served with process via their registered agent Corporation Service Company located at 33 East Main Street, Ste. 610, Madison, WI 53703.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### LendingClub Dispute and Violation

14. Upon information and belief, on a date better known to Defendants Trans Union and Equifax collectively referred to as ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to Plaintiff's LendingClub account (hereinafter referred to as the "Account").

15. The inaccurate information furnished by LendingClub and published by the Bureaus is inaccurate because the Account is reported with an outstanding balance of $1,726.00 and with derogatory payment information, despite the fact that the underlying debt on the Account was paid in full in February 2026.

16. Plaintiff satisfied the Account in full through a court-supervised debt amortization proceeding under Chapter 128 of the Wisconsin Statutes (Wis. Stat. § 128.21), a state-law remedy that permits a debtor with regular income to repay debts under a court-approved

plan, and which operates to freeze the balances owed so that they no longer accrue interest while the debtor repays them.

17. More specifically, Plaintiff filed for Chapter 128 amortization in or around 2022 and thereafter made payments toward his debts, including the debt owed to LendingClub, until those debts were paid in full in February 2026.

18. Plaintiff's final payment toward the Account was made on or about February 3, 2026, as reflected in the ledger of payments maintained in connection with the Chapter 128 proceeding.

19. On or about February 25, 2026, the court in the Chapter 128 proceeding entered "Trustee's Final Accounting" reflecting that the Account was paid in full, and the account number identified in that document matches the account number being reported by the Bureaus.

20. On or about February 27, 2026, the court dismissed the Chapter 128 proceeding upon approval of the final account of the trustee, further confirming that Plaintiff's debts, including the debt owed to LendingClub, had been satisfied.

21. By accepting payment in full, and as confirmed by the Trustee's Final Accounting, the debt owed to LendingClub was satisfied and no balance remained due and owing as of February 2026.

22. The Plaintiff was shocked when, upon reviewing his credit reports from the Bureaus, he discovered that the Account was still being reported with an outstanding balance of $1,726.00 and with negative payment information for periods after the Account had been paid in full.

23. While Plaintiff acknowledges that any late payment information reported for periods prior to the payoff is not the subject of this action, the Account is inaccurately reported with late

payment notations for February 2026 and thereafter, at which point the Account had already been paid in full and no payment could have been past due.

24. More specifically, Experian reports the Account as late for February 2026 and March 2026; and Trans Union reports the Account as late for February 2026, March 2026, and April 2026.

25. While Equifax does not appear to report a monthly payment history for the Account, the Account nonetheless continues to be reported by Equifax with the inaccurate outstanding balance described above.

26. This information was inaccurate as Plaintiff's debt to LendingClub was paid in full as of February 2026, as evidenced by the court documents from the Chapter 128 proceeding, and therefore the Account should not have been reported with an outstanding balance or with late payment information for February 2026 or thereafter.

27. At the very least, the satisfaction of the debt in full should have been notated on Plaintiff's credit file.

28. Despite the payment in full of the debt, the Account continued to be furnished and reported to consumer reporting agencies as an outstanding obligation that was due and owing, with a balance purportedly owed by Plaintiff.

29. Such reporting is materially misleading as to the true legal status of the Account and conveyed false and misleading information concerning Plaintiff's creditworthiness.

30. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

31. On or around March 2026, Plaintiff sent detailed dispute letters to each of the Bureaus which included the fact that the reporting of Plaintiff's LendingClub Account was inaccurate due to the fact that the underlying debt on the Account had been paid in full.

32. Along with the disputes, Plaintiff included copies of the above-referenced court documents from the Chapter 128 proceeding evidencing that the Account had been paid in full.

33. Per the return receipts received by Plaintiff, the disputes were delivered to the Bureaus, with the latest delivery occurring on or about March 27, 2026.

34. It is believed and therefore averred that the Bureaus notified Defendant LendingClub of Plaintiff's disputes.

35. Upon receipt of the dispute of the Account from the Plaintiff by the Bureaus, LendingClub failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

36. Had LendingClub done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to LendingClub that the Plaintiff's Account was being improperly reported.

37. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

38. The Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letters.

39. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account was being improperly reported and missing material information.

40. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

41. As a result of the Defendants' failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to The Bureaus)

42. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

43. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

44. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

45. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of The Bureaus to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

46. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

47. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

48. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, John Haensgen, an individual, demands judgment in his favor against Defendants, the Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### SECOND CAUSE OF ACTION
#### (Negligent Violation of the FCRA as to The Bureaus)

49. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

51. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

52. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, John Haensgen, an individual, demands judgment in his favor against Defendants, the Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to LendingClub)

56. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

58. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

59. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

60. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

61. The Defendant LendingClub violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same; and by failing to correctly report the results of an accurate investigation to the credit reporting agencies.

62. Specifically, Defendant LendingClub continued to report the Account inaccurately on the Plaintiff's credit reports after being notified of his disputes regarding the inaccurate credit reporting.

63. As a result of the conduct, action and inaction of the Defendant LendingClub, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

64. The conduct, action and inaction of Defendant LendingClub was willful, rendering Defendant LendingClub liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant LendingClub in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, John Haensgen, an individual, demands judgment in his favor against Defendant LendingClub for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to LendingClub)

66. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

68. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

69. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

70. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the Defendant must be reported to other agencies which were supplied such information.

71. Defendant LendingClub is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

72. After receiving the dispute notices from the Bureaus, Defendant LendingClub negligently failed to conduct its reinvestigation in good faith.

73. A reasonable investigation would require a furnisher such as Defendant LendingClub to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

74. The conduct, action and inaction of Defendant LendingClub was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

75. As a result of the conduct, action and inaction of the Defendant LendingClub, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant LendingClub in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, John Haensgen, an individual, demands judgment in his favor against Defendant LendingClub, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

77. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

    a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

    b)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

    c)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

    d)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2);

    e)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 30, 2026

Respectfully Submitted,

Stein Saks, PLLC

/s/Joshua Cohen
Joshua Cohen, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Telephone: (201) 282-6500
jcohen@steinsakslegal.com